**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 27 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-37112 |
| | ) | |
| George William Nicholas, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION OBJECTING TO EXEMPTION

This case is before the court on the Chapter 7 Trustee's motion objecting to claimed exemptions in an annuity ("Motion") [Doc. # 15] and Debtor's response [Doc. # 19]. The court held a hearing on the Motion that the Chapter 7 Trustee ("Trustee"), Debtor and his attorney all attended in person and at which the parties had the opportunity to present testimony and other evidence in support of their respective positions. In his Schedule C filed with his bankruptcy petition, Debtor claims an exemption in an annuity through "Lutheran Brotherhood" under Ohio Revised Code §§ 3911.10 and 2329.66(A)(6)(b). At the hearing Debtor asserted that he is entitled to exempt the annuity pursuant to Ohio Revised Code § 3921.18. The court granted Debtor leave to file an amended Schedule C to assert § 3921.18 as a basis for exemption and allowed the Trustee's objection to extend to the amended Schedule C. Debtor has filed an amended Schedule C claiming an exemption in the annuity under § 3921.18. [Doc. # 24].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of

Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

## FACTUAL BACKGROUND

The facts are undisputed. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Personal property listed on his bankruptcy Schedule B includes a "Lutheran Brotherhood" annuity ("Annuity") valued at approximately $11,700, which is approximately the cash value of the annuity. [Composite Ex. 1, p.1]. The parties agree that the annuity is provided by Thrivent Financial for Lutherans ("Thrivent") and that this organization is a fraternal benefit society. Debtor is a member of Thrivent, *see id.* at 3, and the named beneficiary of the Annuity in the event of Debtor's death is his wife, who has predeceased him. Debtor receives quarterly Annuity benefit payments in the amount of $132.

The Annuity Certificate ("Certificate") provides that the "annuity proceeds" will be applied "to the settlement option in effect under Section 8 on the annuity commencement date" and defines "annuity proceeds" as "the cash surrender value on the annuity commencement date." [*Id.* at p. 15, ¶ 7.1]. The Certificate defines "cash value" as the sum of all premiums paid and all interest credited less the sum of any withdrawals and any withdrawal charges and "cash surrender value" as "the cash value at the time of surrender less any surrender charges." [*Id.* at p. 11, ¶¶ 4.1 & 5.2]. The Certificate further provides that the beneficiary of the Annuity will be paid "the death proceeds as provided in Section 8, upon receiving proof that the annuitant died before the annuity commencement date" and defines "death proceeds" as "the cash value on the date of the annuitant's death." [*Id.* at p. 15, ¶ 7.2].

Section 8 of the Certificate sets forth five "settlement options" or options for receiving payments under the Annuity and provides that payments may be received on a monthly, quarterly, semiannual or annual basis. [*Id.* at p. 16, ¶ 8.3]. The Certificate provides that the annuitant may choose a settlement option before the annuity commencement date but that if no choice is made before that date, option number four will automatically apply. [*Id.* at ¶ 8.1]. The "annuity commencement date" is defined as "the date on which the annuity proceeds are applied to a settlement option." [*Id.* at p. 6, ¶ 1.1]. Although paragraph 1.1 states that "[t]he annuity commencement date is shown on page 3A," page 3A does not include the date. [See Composite Ex. 1, unnumbered p. 5]. In any event, the Certificate permits Debtor, as the annuitant, to change the annuity commencement date at any time before the scheduled annuity commencement date by sending a written request to the home office. [*Id.* at p. 8, ¶ 1.5]. The Certificate provides that "at any time before the annuity commencement date" the annuitant may withdraw part of the cash value of the certificate or may surrender the certificate and receive the cash surrender value. [*See* Composite Ex. 1, p. 12].

2

On bankruptcy Schedule C, Debtor claims an exemption in the Annuity under Ohio Revised Code §§ 3911.10 and 2329.66(A)(6)(b). On his Amended Schedule C, Debtor claims an exemption in the Annuity under Ohio Revised Code § 3921.18.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtor as he has been domiciled in this state for more than the 730 days preceding the date of the filing of his petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 27, SOFA question 15.

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews*, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are to be liberally construed in a debtor's favor. *Id.*

### I. Exemption under Ohio Revised Code § 3911.10 and 2329.66(A)(6)(c)

Ohio's general exemption statute, Ohio Revised Code § 2329.66, provides that a person may exempt "the person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code." Ohio Rev. Code § 2329.66(A)(6)(c). Section 3911.10 provides in relevant part as follows:

> All contracts of life or endowment insurance or annuities upon the life of any person. . .which may hereafter mature and which have been taken out for the benefit of . . . the spouse or children, or any persons dependent upon such person . . . shall be held, together with the proceeds or avails of such contracts . . . free from all claims of the creditors of such insured person or annuitant.

The Trustee argues that the Annuity is not exempt under this provision. The court agrees.

As explained in *In re Andrews*, "annuities" is modified by two clauses in § 3911.10: "upon the life" and "taken out for the benefit of," which clauses the court found "conform to the underlying concept of life insurance, which is to compensate the policy beneficiary for the loss of life of the insured." *In re Andrews*, 301 B.R. at 214. Thus, the court explained:

> [T]he focus of whether an annuity qualifies as exempt under § 3911.10 is on the actual substance of the underlying transaction: If it is to truly compensate for loss, which is the essence of insurance, then it will be protected by § 3911.10; on the other hand, if the substance of the annuity transaction is an investment, then it will not qualify as exempt under § 3911.10.

3

> . . . .
> [W]hether an annuity contract actually exists to compensate the beneficiaries for a loss, and thus is [sic] the nature of insurance, hinges on an affirmative answer to this question: Upon the death of the annuitant, will the beneficiaries receive a significantly greater pecuniary benefit than what the policy would have otherwise been worth in the hands of the annuitant?

*Id.* at 216. Because the annuity contract at issue in *In re Andrews* made it clear that any benefits received by the beneficiaries were limited to the same pecuniary benefits that would have been accorded the debtor, the court concluded that the debtor was not entitled to exempt the annuity under § 3911.10. *Id.*

In this case, the Annuity similarly makes clear that the death proceeds payable to a beneficiary are limited by the extent of Debtor's interest in the Annuity. Specifically, the death proceeds are limited to the cash value on the annuitant's date of death just as the annuity proceeds are limited by the cash value on the annuity commencement date. Thus, a beneficiary will not receive a significantly greater pecuniary benefit than what the Annuity is worth to Debtor. Under the reasoning of *In re Andrews*, with which this court agrees, the Annuity is not exempt under § 3911.10.

## II. Exemption under Ohio Revised Code § 3921.18

Debtor also claims an exemption under Ohio Revised Code § 3921.18, which provides as follows:

> No money or other benefit, charity, relief or aid to be paid, provided, or rendered by any fraternal benefit society, shall be liable to attachment, garnishment, or other process, or shall be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary, or any other person who may have a right, either before or after payment by the society.

Under § 2329.66, a person may exempt "[t]he person's interest in money, benefits charity, relief or aid to be paid, provided, or rendered by any fraternal benefit society, as exempted by section 3921.18 of the Revised Code." Ohio Rev. Code § 2329.66(A)(6)(d). Ohio law specifically permits a fraternal benefit society to provide annuity benefits in any form. *See* Ohio Rev. Code. § 3921.16(A)(3).

In this case, there is no dispute that the Annuity is provided by Thrivent, a fraternal benefit society of which Debtor is a member. The Certificate states that "[t]he person who applied for this certificate is a benefit member of Thrivent." [Composite Ex. 1, p. 9]. Debtor is receiving quarterly payments under the Annuity, which the court finds constitute Annuity benefits from a fraternal benefit society that he is entitled to exempt under § 3921.18.

Nevertheless, the Trustee relies on Composite Exhibit 1 in arguing that the Annuity has a cash surrender value of approximately $11,700. It is apparently the Trustee's position that the cash surrender value is not "money or other benefit" provided by Thrivent such that Debtor is entitled to an exemption in

09-37112-maw    Doc 27    FILED 04/27/10    ENTERED 04/27/10 15:18:44    Page 4 of 5

the surrender value. Assuming without deciding that the Trustee's position is correct, she has failed to demonstrate that Debtor's interest in the Annuity includes the ability to surrender it for the cash surrender value. First, the court notes that exhibit 1 does not show that the Annuity has a "cash surrender value" such that the court may conclude that Debtor has a right to surrender the Annuity for the cash value. Rather, exhibit 1 states only that the Annuity has a "cash value" of $11,738.99. "Cash value" is defined simply as the sum of all premiums plus interest credited, less the sum of all withdrawals and withdrawal charges, and is different than "cash surrender value," which is defined as cash value less surrender charges.

Second, under the terms of the Certificate, Debtor's right to surrender the Certificate terminates after the annuity commencement date. There is no evidence before the court indicating that the annuity commencement date has not yet occurred. Rather, Debtor is receiving quarterly payments as are permitted under the settlement options, suggesting that it has occurred. To the extent that a later annuity commencement date was anticipated at the time the annuity contract was entered into, the terms of the Certificate permit Debtor to change that date. The court cannot, therefore, conclude that Debtor's interest in the Annuity consists of anything more than the stream of income he is receiving that constitutes Annuity benefits exempt under § 3921.18.

And finally, under § 541, the Trustee, standing in the shoes of the debtor, succeeds only to the interests in property that the debtor had at the commencement of the case and takes the property subject to the same restrictions that existed at that time. *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997); *In re Metropolitan Environmental, Inc.*, 293 B.R. 896, 898 (Bankr. N.D. Ohio 2003). To the extent that Debtor's interest does not include the right to surrender the Annuity for the cash value, that right does not become property of the bankruptcy estate that is subject to the bankruptcy exemption statute. *See* 11 U.S.C. § 522(b)(1) (providing that "an individual debtor may exempt from *property of the estate* the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." (emphasis added)).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion Objecting to Exemptions [Doc. # 15] be, and hereby is, **GRANTED** as to the exemption in the Annuity claimed by Debtor under Ohio Revised Code §§ 3911.10 and 2329.66(A)(6)(b) and **DENIED** as to the exemption in the Annuity claimed by Debtor under Ohio Revised Code § 3921.18.

5